## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### MIAMI DIVISION

| | | |
|---|---|---|
| JUAN NIEVES | ) | |
| | ) | |
| Plaintiff | ) | CASE NO.:  1:20-CV-22724-XXXX |
| | ) | |
| v. | ) | |
| | ) | |
| EQUAL EMPLOYMENT OPPORTUNITY | ) | COMPLAINT |
| COMMISSION and JANET DHILLON, CHAIR | ) | WITH JURY TRIAL DEMAND |
| OF THE EQUAL EMPLOYMENT | ) | |
| OPPORTUNITY COMMISSION | ) | |
| | | |
| Defendant(s) | | |

_____/

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful discrimination in federal employment practices on the basis of sex and retaliation, and to provide appropriate relief to Plaintiff Juan Nieves and a class of similarly situated males who were adversely affected by such practices.

As alleged with greater particularity below, Plaintiff JUAN NIEVES ("**PLAINTIFF**" and/or "**Plaintiff NIEVES**") and similarly situated male employees alleges that he was subjected to ongoing harassment (sexual and non-sexual) and a hostile work environment by the Equal Employment Opportunity Commission ("**Defendant**" or "**Defendant EEOC**") and Chair of the Equal Employment Opportunity Commission Janet Dhillon ("**Defendant DHILLON**") (collectively, "**DEFENDANTS**") when Defendants were aware of and permitted Enforcement Supervisor Kathryn Gonzalez ("Supervisor Gonzalez") to discriminate against Plaintiff, and other similarly situation male employees, on the bases of sex (male), when, from 2016 to the present,

which created a hostile work environment. Additionally, Defendants retaliated against Plaintiff NIEVES for opposing such practices by, in part, refusing to investigate the claims, withholding promotions, changing his schedule, and frustrating his workload and taking actions that threatened his employment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, and 1343.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3), and Section 717(c) of Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C.A. Section 2000e-16(c), 2000e-5(f)(1) and (3) et seq. ("Title VII") and section 102 of the Civil Rights Act of 1991, as amended, codified at 42 U.S.C.A. Section 1981, et seq.; and Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C.A. Section 791, the Civil Rights Attorney's Award Act, as amended, codified at 42 U.S.C.A. Section 1988, et seq.; and Title 29, Code of Federal Regulations, Part 1614, et seq. and Ch. 760, Florida Statute of the Florida Civil Rights Act.

2.      Venue is proper in the United State District Court for the Southern District of Florida, Miami Division, pursuant to 42 U.S.C., 2000e-5(f)(3).  In addition, venue is proper herein as the primary actions complained of either occurred within or were directed within the geographical boundaries of the Miami, Florida (Southern District of Florida); and pursuant to 28 U.S.C. Section 1391(e).

## PARTIES

3.      Plaintiff NIEVES is a Hispanic male currently domiciled in Miami, Florida, and who for all times relevant herein has been employed on a full-time basis as an employee of the United States Equal Employment Opportunity Commission ("EEOC").  At those times relevant to

AZOY SOCORRO, LLP

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

the subject of this lawsuit, Plaintiff NIEVES was assigned for his professional work to the Miami District Office, a field office within the Miami District of the EEOC located at 100 SE 2nd Street, Suite 1500, Miami, FL 33131 ("MIDO").

4.      At all relevant times, Defendant EEOC has continuously been a Federal Agency doing business in the State of Florida and within the City of Miami and has continuously had at least 15 employees.  At those times relevant to the subject of this lawsuit, Plaintiff NIEVES was employed by and assigned for his professional work MIDO.

5.      Defendant DHILLON is the Chair of the EEOC and, as such, is the Defendant only in her official capacity as the Chair of the Defendant EEOC.  Defendant DHILLON is the senior Executive Branch federal official responsible for the actions of the United States Equal Employment Opportunity Commission, which is the principal subject of the allegations made herein, and which is located at 131 M St. NE, 6th Floor, Washington, DC 20507.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES/CONDITIONS PRECEDENT

6.      From approximately 2016 to the present, Plaintiff NIEVES suffered from continuing violations and discrimination by Defendants as outlined in more detail herein.

7.      At all times material hereto, Plaintiff NIEVES was misled by Defendants into allowing any applicable statutory periods to lapse.

8.      Plaintiff NIEVES, and other similarly situated individuals, advised the EEOC of complaints of unlawful sexual harassment, discrimination based on sex and retaliation since approximately 2016.

9.      Plaintiff NIEVES, and other similarly situated individuals, timely initiated the involvement of the Equal Employment Opportunity (EEO) Office.

10.      Plaintiff NIEVES was issued the Notice of Right to File a Formal Complaint.

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

Plaintiff NIEVES timely filed a formal EEO complaint.

11.     More than thirty (30) days prior to the institution of this lawsuit, Plaintiff NIEVES filed a charge with the Commission alleging violations of Title VII by Defendant EEOC.

12.     Plaintiff submitted charges of discrimination to Defendant EEOC within 180 days of the discrimination against them.

13.     Prior to the institution of this lawsuit, Defendant EEOC and Defendant DHILLON issued letters of determination on April 3, 2020 finding reasonable cause to believe that Plaintiff NIEVES was subjected to harassment and retaliation by Defendants.

14.     Prior to the institution of this lawsuit, Defendant EEOC, Defendant DHILLON and/or representatives failed/refused to attempt to eliminate the unlawful employment practices alleged below and to effect Defendant's voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b).

15.     Thus, all conditions precedent to bringing this action have been performed or occurred.

## STATEMENT OF FACTS

### A.  Harassment

16.     In July 2015, Plaintiff Juan Nieves (male) was hired by the Memphis District Office (MEDO) of the U.S. Equal Employment Opportunity Commission. in July 2015.

17.     In June 2016, Complainant requested and was granted hardship transfer to the Miami District Office (MIDO) and started work as an Investigator in MIDO in July 2016.

18.     Plaintiff worked under the supervision of Katherine Gonzalez when he started at MIDO in July 2016 through November 2017.

AZOY SOCORRO, LLP

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

19.     Plaintiff, and other similarly situated individuals, including but not limited to Mario Hernandez and Robert Tom, were subjected to ongoing harassment (sexual and non-sexual) and a hostile work environment by Supervisor Katherine Gonzalez ("Supervisor GONZALEZ"), a former MIDO Enforcement Supervisor and Defendants, on the bases of sex (male); national origin (Hispanic) and disability (post-traumatic stress disorder and/or major depressive and anxiety disorder (collectively, PTSD) from 2016 to the present.

20.     Plaintiff and other similarly situated individuals, including but not limited to Mario Hernandez and Juan Nieves, was subjected to unwanted, unsolicited sexual advances by Supervisor GONZALEZ.  Indeed, Supervisor GONZALEZ would engage in "grooming," in which she would use her position as a Supervisor and Plaintiff NIEVES's disability to force him and other similarly situated individuals, including but not limited to Mario Hernandez and Juan Nieves, into a non-consensual sexual relationship.

21.     Specifically, Supervisor GONZALEZ's offensive conduct was severe and pervasive enough to create an objectively hostile or abusive work environment for Plaintiff NIEVES at MIDO. Specifically, the offensive conduct included but was not limited to the following:

    a.  Defendants were on notice since 2012 that Supervisor GONZALEZ engaged in offensive sexual harassment of her subordinates.

    b.  In 2016, Supervisor GONZALEZ began to engage in flirtatious behavior, and made advances to Plaintiff during Plaintiff's first week of beginning work at MIDO.

    c.  Supervisor GONZALEZ persistently asked Plaintiff for personal social information,

    d.  Supervisor GONZALEZ would lean towards him to "parade" her breasts and touched his knee in a sexual manner.

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

e.  Supervisor GONZALEZ would initiate conversations about her marriage, placing Plaintiff in an extremely stressful situation.

f.  Supervisor GONZALEZ knew that Plaintiff was going through marital issues and called him a pussy, saying "this was Miami everyone gets divorced."

g.  Supervisor GONZALEZ would go into Plaintiff's office during work hours to discuss sexual matters.

h.  Supervisor GONZALEZ wore low cut tops exposing her breasts, Plaintiff NIEVES, telling him not to be a 'pussy,' and 'there are a lot of women in Miami.

i.  Supervisor GONZALEZ would regularly bend over me when Plaintiff NIEVES was sitting down and brush her breasts against him

j.  Supervisor GONZALEZ would call Plaintiff NIEVES late at night. Supervisor GONZALEZ would initiate the conversation about work and then Plaintiff about his marriage and told him "you still have an offer from me."

k.  Supervisor GONZALEZ would text at night on Offer Up, an app, to communicate with Plaintiff.

l.  Supervisor GONZALEZ would initiate, allow, and proliferate inappropriate conversations in the office

m.  Supervisor GONZALEZ would make Plaintiff NIEVES run errands for her, such as getting her Red Bulls.

n.  Supervisor GONZALEZ would send Plaintiff NIEVES unprofessional messages on Novell Messenger.

o.  Supervisor GONZALEZ would touch her breasts and tell Plaintiff NIEVES 'this is a new bra, do you like it?'

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

      p.    Supervisor GONZALEZ asked Plaintiff NIEVES to attend off-site encounters, such as to hang-out and go to happy-hours at the "Blue Martini."

      q.    Supervisor GONZALEZ would send Plaintiff NIEVES repeated and communications unrelated to work matters.

      r.    SUPERVISOR GONZALEZ would make inappropriate statements.

22.    Plaintiff NIEVES subjectively perceived Supervisor GONZALEZ's offensive conduct as abusive.

23.    Plaintiff NIEVES communicated his opposition to Supervisor GONZALEZ's unwanted advances.  Specifically, he:

      a.    Rejected Supervisor GONZALEZ's flirting;

      b.    Continuously complained to various levels of management to no avail.

24.    At the time, Plaintiff NIEVES's who has been diagnosed PTSD was "vulnerable" and utilized poor coping mechanisms (e.g., required new medications for anxiety and for sleep and began attending more medical appointments) when Supervisor GONZALEZ was harassing him.

25.    Supervisor GONZALEZ's harassment exacerbated Plaintiff NIEVES's pre-existing condition of PTSD.

26.    Supervisor GONZALEZ was aware of Plaintiff NIEVES's PTSD and used her knowledge of the symptoms of his condition to trigger him. Supervisor GONZALEZ would play "head games" with Plaintiff NIEVES

27.    Plaintiff NIEVES's accepted the fact that if he did not "go along" with Supervisor GONZALEZ's unwanted conduct, she would make his life difficult.

28.    Plaintiff NIEVES was negatively affected as result of rejecting Supervisor GONZALEZ's advances and unwanted conduct.

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

### B.  <u>Retaliation</u>

29.     Plaintiff NIEVES did not solicit or incite the conduct and, instead, informed Supervisor GONZALEZ that said conduct was unwelcomed, undesirable and offensive.

30.     Plaintiff NIEVES was retaliated against by Supervisor GONZALEZ due to his association with. Robert Tom, Mario Hernandez, and Jose De La Rosa, and because of his participation in a protected activity

31.     Additionally, Plaintiff NIEVES was retaliated against by Supervisor Gonzalez when he rejected Supervisor GONZALEZ's offensive conduct, Supervisor GONZALEZ retaliated against him.  Specifically:

     a.   Supervisor GONZALEZ, would overly scrutinize Plaintiff NIEVES's work.

     b.   Supervisor GONZALEZ informed other employees of the claim of discrimination Plaintiff filed against her, instructing staff not to speak with him because of his complaint

     c.   Supervisor GONZALEZ belittled and ridiculed Plaintiff NIEVES in public. Specifically Supervisor GONZALEZ told others, "[t]his is what I have to deal with every day" and "[d]on't listen to this guy, he doesn't not [sic] know what he is talking about."

     d.   Supervisor GONZALEZ unevenly divided the cases in the unit. Specifically, Plaintiff NIEVES got the more difficult cases and would be assigned more complex cases and aged inventory causing Plaintiff's workload to increase and his closure rate dropping.

     e.   Supervisor GONZALEZ informed Plaintiff that an unknown Supervisor wanted to write him up.

     f.   Supervisor GONZALEZ expedited, and hindered the timeliness of charge process

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

    g.   Supervisor GONZALEZ would access Plaintiff NIEVES computer and delete files.

    h.   Supervisor GONZALEZ "denied the benefit of telework on a third day and denied two verbal leave requests; despite being good producer.

    i.   Supervisor GONZALEZ denied Plaintiff NIEVES a cash award in 2016.

    j.   Supervisor GONZALEZ continually disregarded Plaintiff's request to refrain from posting any pictures or information of me on Facebook. Supervisor GONZALEZ has my requests and posted pictures and information of me on Facebook.

    k.   Supervisor GONZALEZ without Plaintiff NIEVES's permission posted a picture of him on Facebook. It was common knowledge in the office that he did not like social media or pictures of him being taken. However, Supervisor GONZALEZ uploaded a picture giving the appearance that Plaintiff NIEVES was drinking an alcoholic beverage rather than a Coca Cola.

    l.   Supervisor GONZALEZ Plaintiff NIEVES continually required to change verbiage of written documents multiple times.

    m.   Supervisor GONZALEZ changed case information on the Agency system, to manipulate Plaintiff NIEVES's case load and responsibilities.

32.    Plaintiff NIEVES interpreted Supervisor GONZALEZ's behavior as punishment for refusing her unwelcomed conduct.

33.    Plaintiff NIEVES also informed MIDO Director Michael Farrell ("Director Farrell") of Supervisor GONZALEZ's unwelcomed conduct and that said actions triggered his PTSD.

34.    Director Farrell alleges that Plaintiff NIEVES never made any complaints regarding harassment and retaliation by Supervisor Gonzalez.

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

35.     Director Farrell told Plaintiff that the situation with Supervisor GONZALEZ preceded him and Agency Headquarters was aware of the matter.

36.     During this time, management protected Supervisor GONZALEZ and allowed her to continue to use her power and influence in the MIDO to harass, coerce, and abuse Plaintiff. Nevertheless, MIDO management knowingly allowed Supervisor GONZALEZ's conduct to continue and did nothing to remedy or stop the situation.

37.     Director Farrell and MIDO management's response to the harassment was neither immediate nor appropriate. MIDO management failed to take any action to investigate the harassment for approximately four years while rumors/reports were circulating by MIDO's staff about Supervisor GONZALEZ's inappropriate and unwanted sexual behavior in the office. Specifically:

a.  Plaintiff informed Director Farrell, and he had been informed of Supervisor GONZALEZ's sexual advances to subordinates in the past, and he opted to ignore them and protect Supervisor GONZALEZ.

b.  Plaintiff complained in the beginning of November and was removed from Supervisor GONZALEZ's team in January.

c.  Director Farrell never took Plaintiff's allegations seriously.

d.  Defendants' were aware of Supervisor GONZALEZ's harassing conduct, in general, since 2012 and refused to act to end same.

e.  Supervisor GONZALEZ was not disciplined for her egregious harassing behavior, but instead was disciplined for an inappropriate consensual sexual relationship.

38.     From 2015 to the present, Defendants were aware of Supervisor GONZALEZ's on going sexual harassment of Plaintiff NIEVES, and other male employees, as well as MIDO

AZOY SOCORRO, LLP

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

management's retaliatory conduct related to same, but took no action to stop it or prevent it from occurring.

39.     Plaintiff NIEVES and similarly situated employees objected to Supervisor GONZALEZ's attention, comments and conduct and repeatedly told her to "stop" or used similar words to same effect.

40.     From 2016 Plaintiff NIEVES and other similarly situated male employees each informed Supervisor Wright, Supervisor Caddle, and Supervisor Ricardo, Director Farrell and the EEO about Supervisor GONZALEZ's conduct, but nothing was done to stop her behavior or to protect Plaintiff NIEVES and other similar situated male employees from her.

41.     Although Supervisor Wright, Supervisor Caddle, and Supervisor Ricardo that Mr. Farrell and the EEO informed Plaintiff NIEVES and others that they would "handle it," Supervisor GONZALEZ continued to harass and alter the terms and conditions of Plaintiff NIEVES's Employment.

42.     Notwithstanding repeated and continuing complaints about the sexually harassing comments and conduct of Supervisor GONZALEZ, Supervisor GONZALEZ continued to sexually harass Plaintiff NIEVES and other male employees.

43.     Soon after his complaint in 2015, Defendants began retaliating against Plaintiff NIEVES because he repeatedly objected to, reported and opposed Supervisor GONZALEZ's sexually inappropriate comments and conduct.

44.     Plaintiff NIEVES was subjected to retaliation after filing complaints and objections (opposition to discrimination) with Director Farrell and MIDO management regarding Supervisor GONZALEZ from 2016 to the present in the following ways:

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

a. Director Farrell continuously shamed, questioned, doubted and threatened with written reprimands regarding his claim that Supervisor GONZALEZ had subjected Plaintiff to egregious sexual harassment;

b. In response to Plaintiff NIEVES's complaints of Supervisor GONZALEZ's unwanted acts, Director Farrell threatened Plaintiff NIEVES that he was lying and would be terminated.

c. MIDO management assigned Plaintiff NIEVES a greater overall volume of work than his coworkers, which negatively impacted the total number of charges he could complete over the course of a fiscal year.

d. MIDO management threatened Plaintiff NIEVES with discipline for insubordination, and was instructed by the enforcement Manager to process two old Charges that were not assigned to her unit.

e. MIDO management denied Plaintiff NIEVES the benefit of telework on a third day

f. MIDO management denied two verbal leave requests; despite being good producer.

g. Plaintiff NIEVES was assigned more than 20 old cases from a different unit-T-5, Supervisor, Supervisor Fernella Peters.

h. Director Farrell and Supervisor GONZALEZ denied Plaintiff NIEVES's transfer request to the Memphis office without being provided a reason for the denial.

i. Plaintiff NIEVES was threatened with a Performance Improvement Plan (PIP).

j. MIDO management provide Plaintiff NIEVES with a tougher and more complex case load;

k. Plaintiff NIEVES's case load was manipulated.

l. After Plaintiff NIEVES required to participate in an interview with OEO Director

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

Erica White Dunston his workload was significantly increased. Specifically, Plaintiff had minimal pending intake mail inventory in September 22, 2017, but was assigned 37 cases and had processed 12, " states that by November 3, 2017

m. Defendants ignored Plaintiff NIEVES's multiple requests to assist in stopping the unwanted sexual advances by Supervisor GONZALEZ;

n. Defendants, despite being aware of Plaintiff NIEVES's resistance to his supervisor's sexual advances and unwarranted conduct since 2016, failed and/or refused to take immediate and reasonable actions to protect him from Supervisor GONZALEZ's constant and multiple attempts to rebuff her offensive conduct.

o. Defendants disciplined, belittled and ostracized Plaintiff NIEVES

p. Defendants hindered Plaintiff NIEVES's ability to advance his career within and outside the EEOC.

q. Plaintiff NIEVES was continuously shamed, questioned and doubted by MIDO management regarding his claim that Supervisor GONZALEZ subjected him to harassment.

r. Defendants were aware that Supervisor GONZALEZ was using her position of power to coerce and abused Plaintiff NIEVES since 2016 but did nothing to stop or remedy the situation.

s. MIDO management would require Plaintiff NIEVES to redraft documents, then eventually approve the original versions of the documents.

t. MIDO management would physically remove cases from Plaintiff NIEVES's inventory, then place the cases back in Plaintiff NIEVES's inventory, all with the purpose of negatively affecting his statistics.

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 I Coral Gables, FL 33134 I T: (305) 340-7542 I F: (305) 418-7438 I W: www.azoysocorro.com

u.   MIDO management would backdate items in Plaintiff NIEVES's inventory and make him responsible for "aged" cases.

v.   MIDO management would return his cases for minor issues in an attempt to reduce his productivity.

w.   MIDO management would manipulate his inventory and, as a result, would often threaten Plaintiff NIEVES that he would be placed on a PIP.

45.   The retaliation affected the terms and conditions of Plaintiff NIEVES's employment as outlined above.

46.   Prior to his complaint, Plaintiff NIEVES was a good investigator with no documented record evidence that his performance was poor.

47.   There is no evidence in the record that Plaintiff NIEVES was disciplined or placed in a PIP.

48.   After his complaint, Defendants changed Plaintiff NIEVES's schedule in retaliation for his repeated complaints about and objections to Supervisor GONZALEZ's sexual harassment.

49.   As a result of the retaliation, Plaintiff NIEVES's demeanor changed as he became more withdrawn, less energetic, experienced difficulty concentrating.   In addition, Plaintiff NIEVES suffered from loss of credibility and a damaged professional reputation. Plaintiff NIEVES's work was overly scrutinized to the point that he second guessed his every move.

50.   As a result of the retaliation, Plaintiff NIEVES earned less money.

51.   In early 2017, Defendant's management became aware of Plaintiff NIEVES's investigation with the EEO and intention to take legal action due to Defendant's failure to protect him from Supervisor GONZALEZ.

52.   Defendants attempted to constructively terminate Plaintiff NIEVES between 2017

AZOY SOCORRO, LLP

2020 Ponce de Leon Boulevard, Suite 1008 I Coral Gables, FL 33134 I T: (305) 340-7542 I F: (305) 418-7438 I W: www.azoysocorro.com

and 2018 in retaliation for his repeated complaints about and objections to the sexual harassment to which he was subjected and his intention to take legal action for Defendant's failure to redress his complaints.

53.     In 2019, Defendants forced Plaintiff  NIEVES to medically retire.

54.     Any remedial action taken by Defendants related to Plaintiff NIEVES's, as well as other similar situated male employees, claims was never prompt or reasonably calculated to end the harassment.

55.     Given the duration and nature of the conduct, it is apparent that Plaintiff NIEVES's work environment was objectively hostile and that Plaintiff NIEVES subjectively believed the environment was hostile and abusive.

56.     Defendants' actions from 2016 to the present, would clearly deter a reasonable person from opposing discriminatory harassment.

57.     As of the filing of this pleading, Supervisor GONZALEZ remains employed by Defendants.

58.     As a result of the foregoing, Plaintiff NIEVES and similarly situated male employees suffered damages.

**CLAIMS FOR RELIEF**
**(Harassment based on Sex)**
**(Title VII of the Civil Rights Act of 1964,**
**U.S.C. §§ 2000(e), et. Seq.)**

59.     Plaintiff NIEVES incorporates by reference the allegations in all preceding paragraphs.

60.     Plaintiff NIEVES, a member of a protected class (male), brings this claim on his own behalf and on behalf of all similar situated male employees of MIDO.

61.     On a continuing basis since at least 2012, Defendants were aware that Supervisor

AZOY SOCORRO, LLP

2020 Ponce de Leon Boulevard, Suite 1008 I Coral Gables, FL 33134 I T: (305) 340-7542 I F: (305) 418-7438 I W: www.azoysocorro.com

GONZALEZ, his direct supervisor, subjected Plaintiff NIEVES to unwelcome conduct related to his sex, male, including sexual advances, requests for favors, or other verbal or physical conduct of a sexual nature location in violation of 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a). Specifically, Defendants were aware that Supervisor GONZALEZ subjected Plaintiff NIEVES to unwelcome conduct related to his sex as outlined in paragraphs 1 to 58, above.

62.      The harassment and unlawful employment practices suffered by Plaintiff NIEVES were based on his sex, male.

63.      The effect of the harassment and unlawful employment practices complained of in paragraphs 16 through 28 above was sufficiently severe and pervasive and had the purpose and effect of unreasonably interfering with the work environment and/or creating an intimidating, hostile or offensive work environment.

64.      The effect of the harassment and unlawful employment practices complained of in paragraphs 16 through 28 above has been to deprive Plaintiff and similarly situated male employees who worked at United States Equal Employment Opportunity Commission Miami District Office since at least 2016 of equal employment opportunities and otherwise adversely impact their status as employees because of their sex, male.

65.      The unlawful employment practices complained of in 16 through 28 above were intentional and caused Plaintiff NIEVES and similarly situated males who worked at Defendant's Miami District Office to suffer emotional distress, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation and/or personal stress and mental and physical pain and suffering

66.      The unlawful employment practices complained of in 16 through 28 above were intentional and caused Plaintiff NIEVES and similarly situated males who worked at Defendant's

AZOY SOCORRO, LLP

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

Miami District Office to lose earnings, compensation and income including, but not limited to, back-pay.

67.     The unlawful employment practices complained of in 16 through 28 above were engaged in with malice or with reckless indifference to the federally protected rights of Plaintiff NIEVES and similarly situated males employed by Defendants.

68.     The unlawful employment practices complained of in 16 through 28  above form the basis for imputing liability on Defendants as Defendants were aware of the harassment and unlawful employment practices since 2012 and failed to take any prompt and/or reasonable action to end the harassment.

**CLAIMS FOR RELIEF**
**(Retaliation/Retaliatory Harassment)**
**(Title VII of the Civil Rights Act of 1964,**
**U.S.C. §§ 2000(e), et. Seq.)**

69.     Plaintiff NIEVES incorporates by reference the allegations in all preceding paragraphs.

70.     Plaintiff NIEVES, at all times material hereto, undertook protected conduct when he complained to Supervisor GONZALEZ and Defendants about the unwanted conduct as outlined in paragraphs 3 to 58, above.

71.     As a result thereof, Defendants took a material adverse action against Plaintiff NIEVES.  Specifically, Defendants retaliated against Plaintiff NIEVES outlined in paragraphs 29 to 58, above.

72.     Acausal nexus exists between Plaintiff NIEVES's undertaking of the protected conducted complained of in paragraphs 29 to 58, above and the material adverse action taken by Defendants against him.

73.     Defendants continued to ignore Supervisor GONZALEZ's harassment of Plaintiff

AZOY SOCORRO, LLP

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

NIEVES and, after he ultimately acknowledge the relationship, which Plaintiff NIEVES claimed was nonconsensual, and reported Supervisor GONZALEZ's conduct, Defendants subjected him to adverse treatment.

**CLAIMS FOR RELIEF**
**(Harassment based on Sex)**

**Harassment in Violation of**
**The Florida Civil Rights Act**
**of 1992, FLA. STAT. 760 ET SEQ**

74.     Plaintiff NIEVES incorporates by reference the allegations in all preceding paragraphs.

75.     Plaintiff NIEVES, a member of a protected class (male), brings this claim on his own behalf and on behalf of all similar situated male employees of MIDO.

76.     On a continuing basis since at least 2012, Defendants were aware that Supervisor GONZALEZ, his direct supervisor, subjected Plaintiff NIEVES to unwelcome conduct related to his sex, male, including sexual advances, requests for favors, or other verbal or physical conduct of a sexual nature location in violation of 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a). Specifically, Defendants were aware that Supervisor GONZALEZ subjected Plaintiff NIEVES to unwelcome conduct related to his sex as outlined in paragraphs 3 to 58, above.

77.     The harassment and unlawful employment practices suffered by Plaintiff NIEVES were based on his sex, male.

78.     The effect of the harassment and unlawful employment practices complained of in paragraphs 16 through 28 above was sufficiently severe and pervasive and had the purpose and effect of unreasonably interfering with the work environment and/or creating an intimidating, hostile or offensive work environment.

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

79.     The effect of the harassment and unlawful employment practices complained of in paragraphs 16 through 28 above has been to deprive Plaintiff and similarly situated male employees who worked at United States Equal Employment Opportunity Commission Miami District Office since at least 2016 of equal employment opportunities and otherwise adversely impact their status as employees because of their sex, male.

80.     The unlawful employment practices complained of in 16 through 28 above were intentional and caused Plaintiff NIEVES and similarly situated males who worked at Defendant's Miami District Office to suffer emotional distress, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation and/or personal stress and mental and physical pain and suffering.

81.     The unlawful employment practices complained of in 16 through 28 above were intentional and caused Plaintiff NIEVES and similarly situated males who worked at Defendant's Miami District Office to lose earnings, compensation and income including, but not limited to, back-pay.

82.     The unlawful employment practices complained of in 16 through 28 above were engaged in with malice or with reckless indifference to the federally protected rights of Plaintiff NIEVES and similarly situated males employed by Defendants.

83.     The unlawful employment practices complained of in 16 through 28  above form the basis for imputing liability on Defendants as Defendants were aware of the harassment and unlawful employment practices since 2012 and failed to take any prompt and/or reasonable action to end the harassment.

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 l Coral Gables, FL 33134 l T: (305) 340-7542 l F: (305) 418-7438 l W: www.azoysocorro.com

**CLAIMS FOR RELIEF**
**(Retaliation/Retaliatory Harassment)**

**Retaliation in Violation of**
**The Florida Civil Rights Act**
**of 1992, FLA. STAT. 760 ET SEQ**

84.     Plaintiff NIEVES incorporates by reference the allegations in all preceding paragraphs.

85.     Plaintiff NIEVES, at all times material hereto, undertook protected conduct when he complained to Supervisor GONZALEZ and Defendants about the unwanted conduct as outlined in paragraphs 28 to 58, above.

86.     As a result thereof, Defendants took a material adverse action against Plaintiff NIEVES.  Specifically, Defendants retaliated against Plaintiff NIEVES outlined in paragraphs 28 to 58, above.

87.     Acausal nexus exists between Plaintiff NIEVES's undertaking of the protected conducted complained of in paragraphs 28 to 58, above and the material adverse action taken by Defendants against him.

88.     Defendants continued to ignore Supervisor GONZALEZ's harassment of Plaintiff NIEVES and, after he ultimately acknowledge the relationship, which Plaintiff NIEVES claimed was nonconsensual, and reported Supervisor GONZALEZ's conduct, Defendants subjected him to adverse treatment.

**PRAYER FOR RELIEF**

Wherefore, the Plaintiff JUAN NIEVES respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from subjecting male employees to unwelcome, sexually graphic and vulgar sexual harassment and retaliation for

AZOY SOCORRO, LLP

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

opposing such harassment;

       B.     Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for male, and which eradicate the effects of its past and present unlawful employment practices.

       C.     Order Defendants to make whole Plaintiff NIEVES and similarly situated males, by providing restitution and compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 1 through 58 above, in amounts to be determined at trial;

       D.     Order Defendants to make whole Plaintiff NIEVES and similarly situated male employees, by providing full restitution and compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 1 through 58 above, in amounts to be determined at trial;

       E.     Order Defendant full restitution or compensation for loss of personal and sick leave, and for all retirement benefits

       F.     Order Defendants to pay Plaintiff NIEVES and similarly situated males punitive damages for its malicious and reckless conduct described in 1 through 58 above, in amounts to be determined at trial;

       G.     Order Defendants to reassign Plaintiff to another first- and second-line supervisor within the MIDO's jurisdiction.

       H.     Order Defendants to issue Plaintiff's promotion.

       I.     Order Defendants to pay Plaintiff NIEVES and similarly situated males for any benefits including, but not limited to, sick leave, annual leave, or leave without pay taken as a result of the alleged discriminatory or retaliatory harassment.

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

J.      Order Defendants to confirm that Plaintiff NIEVES's leave restriction has been lifted and remove any documentation concerning the leave restriction from Plaintiff's personnel records.

K.      Order the appropriate and necessary posting related to the claims herein.

L.      Order Defendants to restore Plaintiff NIEVES's flexible schedule and telework consistent with Agency policy and provisions of the Collective Bargaining Agreement.

M.      Order Defendants to remove any documentation concerning Plaintiff NIEVES's current PIP or references thereto from Plaintiff's personnel file.

N.      Order Defendants to forward information regarding its veteran's advocacy group (Veteran Employees Serving Together) (VETS) to the Plaintiff NIEVES regarding any further developments as it becomes available.

O.      Order Defendants to consider taking disciplinary action against Supervisor GONZALEZ.  In determining the appropriate disciplinary action, the Agency must consider Supervisor GONZALEZ egregious misconduct and 29 CFR 1604 (EEOC's Zero Tolerance Policy).

P.      Award Plaintiff her costs of this action, including reasonable attorneys' fees under 42 U.S.C.A. § 2000e-5; Fla. Stat. § 760.11 (2004); and 42 U.S.C.A. §§ 12203 and 12205; and pre-judgment interest, and

Q.      Grant such further relief as the Court deems necessary and proper in the public's interest.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule 38(b), trial by jury on all issues presented herein is respectfully demanded.

**AZOY SOCORRO, LLP**

2020 Ponce de Leon Boulevard, Suite 1008 | Coral Gables, FL 33134 | T: (305) 340-7542 | F: (305) 418-7438 | W: www.azoysocorro.com

____/s/ José A. Socorro_____
**JOSÉ A. SOCORRO, ESQ.**
Florida Bar No.: 011675
**RALPH AZOY, ESQ.**
Florida Bar No.: 92695
**DAVID M. FRAGUIO, ESQ.**
Florida Bar No.: 1016475
AZOY SOCORRO, LLP
*Attorneys for Plaintiff*
2020 Ponce de Leon Blvd., Suite 1008
Coral Gables, Florida 33134
Tel: (305) 340-7542
Fax: (305) 418-7438
Email: jose@azoysocorro.com;
        ralph@azoysocorro.com
        david@azoysocorro.com

AZOY SOCORRO, LLP

2020 Ponce de Leon Boulevard, Suite 1008 l Coral Gables, FL 33134 l T: (305) 340-7542 l F: (305) 418-7438 l W: www.azoysocorro.com